IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED A. DIXON, JR., <br> TDCJ #1465037, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-3911 |
| UTMB & C.T. TERRELL UNIT, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

The plaintiff, Fred A. Dixon, Jr. (TDCJ #1465237, former TDCJ #939068), is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Dixon has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the University of Texas Medical Branch ("UTMB") and the medical department at the C.T. Terrell Unit, where Dixon presently resides. Dixon has also filed a motion for leave to proceed *in forma pauperis*. After reviewing all of the pleadings, and Dixon's litigation history, the Court **dismisses** this case for reasons that follow.

Court records reflect that Dixon has previously filed over 50 lawsuits in the Texas district courts. Of the cases that Dixon has filed while imprisoned, at least 10 have been dismissed as frivolous: (1) *Dixon v. State of Texas*, Civil No. 3:97-856 (N.D. Tex. July 22, 1997); (2) *Dixon v. State of Texas*, Civil No. 3:97-360 (S.D. Tex. Nov. 12, 1997); (3) *Dixon v. State of Texas*, Civil No. 3:98-439 (S.D. Tex. Feb. 11, 1999); (4) *Dixon v. State*

*of Texas*, Civil No. 3:98-440 (S.D. Tex. Feb. 17, 1999); (5) *Dixon v. State of Texas*, Civil No. 3:97-856 (N.D. Tex. July 28, 2002); (6) *Dixon v. State of Texas*, Civil No. 3-03-2792 (N.D. Tex. Jan. 20, 2004); (7) *Dixon v. Angleton Parole Dep't*, Civil No. 3:03-2790 (N.D. Tex. Jan. 4, 2004); (8) *Dixon v. Does*, Civil No. 3:03-2794 (N.D. Tex. Jan. 4, 2004); (9) *Dixon v. Freeport City Police*, Civil No. 3:03-2975 (N.D. Tex. Jan. 4, 2004); and (10) *Dixon v. State of Alabama, et al.*, Civil No. 3:03-2233 (N.D. Tex. March 3, 2004). Because of his record of filing frivolous lawsuits, Dixon has incurred more than three "strikes" against him for purposes of the "three-strikes rule."

Under the three-strikes rule established by the Prison Litigation Reform Act (the "PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Because Dixon has more than three strikes against him, he may not proceed *in forma pauperis*, and his complaint is subject to dismissal, unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The statement of facts in Dixon's complaint consists of one page, which expresses disagreement with a medical diagnosis made at the Terrell Unit. Dixon's allegations are conclusory and do not satisfy the exception found in § 1915(g).

In the alternative, the Court notes that Dixon has been sanctioned previously for abusing judicial resources and "**BARRED** from filing any more lawsuits or civil actions in this Court, or from filing any civil action in any other court that is removable or transferable to this Court," without first obtaining written permission from the court or a circuit judge. *Dixon v. State of Texas*, Civil No. 3:98-440 (S.D. Tex. Feb. 17, 1999) (emphasis in original). The United States District Court for the Northern District of Texas has also imposed sanctions against Dixon, barring him from filing future civil actions, directly or indirectly by way of transfer, without first paying the required filing fee or obtaining written authorization from a judicial officer. *See Dixon v. Angleton Parole Dep't*, Civil No. 3:03-2790 (N.D. Tex. Jan. 4, 2004); *Dixon v. Lake Charles La. Sheriff's Dep't, et al.*, Civil No. 3:03-2232 (N.D. Tex. Jan. 28, 2004). In another case, the Northern District sanctioned Dixon in the amount of $100 for his abuse of judicial resources and barred him from filing future cases without first paying the filing fee or obtaining permission to file. *Dixon v. Angleton Sheriff's Dep't*, Misc. No. 3:05-0011 (N.D. Tex. March 8, 2005).

Dixon does not allege or show that he has paid the monetary penalty imposed by the Northern District. Likewise, he does not written authorization to proceed with his claims. It is policy for the United States District Court for the Southern District of Texas to honor the sanctions assessed by the other district courts in Texas. In light of the sanctions imposed and Dixon's record of filing frivolous claims, this Court will not grant

permission for leave to proceed. Thus, the complaint is subject to dismissal for this additional reason.

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **DENIED**.

2. The complaint is **DISMISSED** pursuant to the sanctions imposed against the plaintiff previously. Alternatively, the complaint is dismissed as barred by 28 U.S.C. § 1915(g).

**The Clerk will provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 14th day of November, 2011.

_____
Kenneth M. Hoyt
United States District Judge